UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| BURR POTATO COMPANY, INC., et al | : | |
| Plaintiffs | : | |
| v. | : | Civil Action No. 3:17-cv-247 |
| IGH ENTERPRISES, INC., t/a MITCHUM QUALITY SNACKS, et al | : | |
| Defendants | : | |

**TEMPORARY RESTRAINING ORDER AND NOTICE OF HEARING**

THIS MATTER is before the Court on Plaintiffs' Motion for Temporary Restraining Order Without Notice pursuant to Rule 65 of the Federal Rules of Civil Procedure (Doc. No. 3). After careful consideration of the record, the Court GRANTS the motion and makes the following findings of fact and conclusions of law.

In this case, it appears from the declarations of Plaintiffs' representatives and certification of Plaintiffs' counsel that Plaintiffs are creditors of Defendants IGH Enterprises, Inc., t/a Mitchum Quality Snacks ("Mitchum"), John R. Wilson, Henry D. Pully and Cheri Shipley under Section 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c), and have not been paid as required by the PACA for produce supplied to Defendants in the aggregate principal amount of $926,908.79, plus interest and attorneys' fees. It also appears from Plaintiffs' declarations that Defendants have dissipated PACA trust assets, as Defendants have admitted they cannot pay Plaintiffs as required by PACA. As a result, it appears that Plaintiffs' PACA trust assets are threatened with further dissipation.

Notice of this request for a Temporary Restraining Order ("TRO") has not been given because if it were given there is a clear likelihood that funds may be dissipated further.

The Court finds that Plaintiffs have shown a likelihood of success on the merits and a likelihood of imminent irreparable harm, which justifies not only issuance of this TRO but also issuance of this TRO without notice to Defendants.

Additionally, there is little harm to Defendants in granting an injunction, which only requires Defendants to do that which they are required to do under the statute, i.e., maintain the trust required by statute and pay for the undisputed portion of produce.

Lastly, the public interest is furthered by the granting of a TRO. The statute itself states that the trust law was established to benefit the public interest that had suffered due to nonpayment for produce.

Based on the foregoing, the Court finds that issuance of this TRO without notice is appropriate.

IT IS THEREFORE ORDERED that, Plaintiffs' Motion for a Temporary Restraining Order (Doc. No. 3) is **GRANTED** for the reasons stated herein and in Plaintiffs' pleadings (Docs. Nos. 5, 6, 7, 8).

IT IS FURTHER ORDERED that Defendants, their customers, agents, officers, subsidiaries, assigns, and banking institutions are **TEMPORARILY RESTRAINED AND ENJOINED** from alienating, dissipating, paying over or assigning any assets of Mitchum or its subsidiaries or related companies except for payment to Plaintiffs until further order of this Court or until Defendants pay Plaintiffs the aggregate sum of $926,908.79, plus interest and attorneys' fees, by cashier's check or certified check, at which time this Order is dissolved.

IT IS FURTHER OREDERED that pursuant to Fed. R. Civ. P. 65(b)(2), this Order shall expire 14 days from the date and time issued, unless before that time the Court, for good cause, extends it for a like period or Defendants consent to a longer extension. Additionally, pursuant to Fed. R. Civ. P. 65(b)(4), on two days' notice to Plaintiffs, Defendants may appear and move to

dissolve or modify the order.

Finally, the parties are directed to TAKE NOTICE that a hearing on this Order and on Plaintiffs' Motion for a Preliminary Injunction (Doc. No. 5) shall take place on **Monday, May 22, 2017, at 2:00 p.m. at the Charles R. Jonas Federal Building, 401 West Trade Street, Charlotte, NC 28202, in Courtroom #1-1.**

IT IS SO ORDERED.

Signed: May 11, 2017

Frank D. Whitney
Chief United States District Judge