UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| BURR POTATO COMPANY, INC., et al | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | Civil Action No. 3:17-cv-247 |
| | : | |
| IGH ENTERPRISES, INC., t/a | : | |
| MITCHUM QUALITY SNACKS, et al | : | |
| | : | |
| Defendants | : | |

## STIPULATION AND ORDER

THIS MATTER is before the Court on the filing of the parties' "Stipulation and Order" (Doc. No. 19), which the Court construes as a Motion for Entry of a Consent Order. For the reasons stated in the parties' filing (Doc. No. 19), it is GRANTED.

Plaintiffs Burr Potato Company, Inc. ("Burr") and Dennis and Arden Ramseyer Farms, LTD ("Ramseyer"), by and through their attorneys, and Defendants IGH Enterprises, Inc. t/a Mitchum Quality Snacks ("Mitchum") and John R. Wilson ("Wilson"), hereby consent, agree, and stipulate to the following:

1.      Plaintiffs filed the instant lawsuit against Defendants Mitchum, John R. Wilson, Henry D. Pully, and Cheri Shipley[1] on May 9, 2017, pursuant to the trust provision of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c). The Court entered a Temporary Restraining Order on May 11, 2017. [D.E. 10.] A hearing on Plaintiffs' Motion for a Preliminary Injunction is scheduled for Monday, May 22, 2017. On May 18, 2017, Defendant Wilson, Mitchum's President, sole director, and sole shareholder, filed a declaration on behalf of

---

[1] Plaintiffs shall file a Notice of Dismissal Without Prejudice as to Henry D. Pully and Cheri Shipley upon entry of this Stipulation & Order. The Clerk of Court will close the case at that time.

Mitchum in which he did not deny the debt owed by Mitchum to Plaintiffs and asserted that new business deals are likely in the near future that will enable Mitchum to pay Plaintiffs. [D.E. 18.]

2. Based on Wilson's representations and the Parties' mutual desire to avoid further costs, fees, and/or delay, and subject to the other terms and conditions of this Stipulation and Order, Mitchum hereby agrees to pay Plaintiffs the aggregate principal amount of $926,908.79 (the "Payment Amount"), in the amounts and by the dates as follows:

    a. The amount of $21,000.00, on or before Friday, May 26, 207;

    b. The amount of $10,000.00, on or before Friday, June 2, 2017;

    c. The amount of $3,000.00, on or before Friday, June 9, 2017;

    d. The amount of $3,000.00, on or before Friday, June 16, 2017;

    e. The amount of $3,000.00, on or before Friday, June 23, 2017;

    f. The amount of $3,000.00, on or before Friday, June 30, 2017;

    g. The amount of $3,000.00, on or before Friday, July 7, 2017;

    h. The amount of $10,000.00, on or before the Friday of each week starting July 14, 2017, and continuing each week until the Payment Amount is paid in full.

    i. All payments shall be disbursed to Plaintiffs on a *pro-rata* basis in accordance with their claim amounts.

    j. Notwithstanding the foregoing paragraph (2g.), the Parties shall confer by November 1, 2017, and every three months thereafter, regarding Mitchum's ability to increase the weekly payment amount. In the event the weekly payment amount is increased, the Parties shall confirm the increase in a writing, signed by both parties.

3. All payments will be made by certified check, cashier's check, wire transfer, or money order payable to "McCarron & Diess Trust Account" and sent to McCarron & Diess, 4530 Wisconsin Avenue, NW, Suite 301, Washington, DC 20016 on or by the day payment is due, or if by wire transfer, the wire transfer must be made early enough to show that the wire is credited in the McCarron & Diess Trust Account by the day payment is due, TIME BEING OF THE ESSENCE.

4. Should Mitchum default in any obligation hereunder, it shall have the right to cure such default by paying the amount due in certified funds or electronically by wire transfer in the amount due within three (3) business days after notice of such default is sent to Christopher Raab, Esq., counsel for Mitchum, via overnight mail and email. The right to cure a default in making payments provided hereunder shall be limited to three (3) such occurrences. In the event that a default occurs because the funds necessary to honor the payment are unavailable or insufficient for any reason, Defendants' curative payment shall include all charges assessed by any financial institution as a consequence of the unavailability of the required funds.

5. If Mitchum fails to cure any default as provided in Paragraph 4 above, or if Mitchum has defaulted and cured the default three (3) previous times and defaults a subsequent time, and upon the filing of a declaration of default by Plaintiffs' attorney with the Court, with a copy thereof to Mitchum, it is agreed that this Court shall immediately enter an Injunction in the form attached hereto as Exhibit 1.

6. In addition to the above payment terms, Mitchum shall (a) supply Plaintiffs' counsel with weekly bank account statements showing debits, credits, and beginning and ending balances for each bank account held by Mitchum; (b) supply Plaintiffs' counsel with accounts receivable aging every 30 days; and (c) seek approval from Plaintiffs, via undersigned counsel, of

all financial expenditures of $10,000.00 or more, although Plaintiffs shall not unreasonably withhold approval of such expenditures.

7. Plaintiffs shall dismiss the Complaint against Defendants Henry D. Pully and Cheri Shipley without prejudice upon entry of this Stipulation and Order. The Clerk will close the case at that time.

8. In the event of Default, Plaintiffs reserve the right to seek interest and attorneys' fees to the extent allowed by law. In the event of Default Defendants Mitchum and Wilson reserve the rights to contest their liability under the PACA and to assert any other defenses available to them in opposition to Plaintiffs' claims, including the right to contest the accuracy of the amount owed to Plaintiffs.

9. The original credit terms between the Parties are not intended to be modified, nor are they modified by this Stipulation and Order. Nothing herein, nor the installment nature of the payments being made hereunder, shall be deemed, interpreted or otherwise construed as an extension of credit by Plaintiffs to Mitchum nor as a waiver of Plaintiffs' rights under the PACA statutory trust as set forth in 7 U.S.C. § 499e(c), and Plaintiffs' rights under this Stipulation and Order are in addition to their rights under said trust.

10. Upon receipt of the full Payment Amount set forth in Paragraph 2 above and in accordance with the terms set forth herein, Plaintiffs and Defendants Mitchum and Wilson shall mutually and unconditionally release, remise, discharge, and acquit each other from each, every and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgment, extents, executions, claims and demands whatsoever, in law, admiralty or equity, which Plaintiffs, Mitchum, and Wilson have had or now have, any against the other,

whether known or unknown, and whether foreseen or unforeseen, and Plaintiffs shall prepare and file a Stipulation to Dismiss with Prejudice with this Court as to Mitchum and Wilson.

11. The Parties agree not to publish or otherwise circulate information regarding this Stipulation and Order or Mitchum's obligations to Plaintiffs, recognizing that doing so could have an adverse effect on Mitchum's ability to conduct business and comply with its payment obligations hereunder.

12. This Stipulation may be executed in counterparts, each of which shall have the effect of an original. Delivery of an executed counterpart of a signature page of this Stipulation by facsimile or other electronic transmission shall be effective as delivery of a manually executed original counterpart of this Stipulation.

13. The Parties acknowledge having had the opportunity to discuss this Stipulation and Order and the Injunction to be entered if Mitchum defaults, attached to the parties' Stipulation (Doc. No. 19) as <u>Exhibit 1</u>, with their respective attorneys, and the Parties acknowledge they have availed themselves of that opportunity to the extent they have desired to do so.

14. The Court shall retain jurisdiction over the Parties during the pendency of the application of this Stipulation, including after the case is closed after dismissal of the remaining parties.

15. This Stipulation and Order supersedes the Temporary Restraining Order entered on May 11, 2017, and the Temporary Restraining Order is hereby dissolved.

16. The hearing scheduled for Monday, May 22, 2017, is cancelled.

**IT IS SO AGREED AND APPROVED AS TO FORM AND CONTENT:**

Dated this 19th day of May, 2017.

| | |
|---|---|
| CARRUTHERS & ROTH, P.A. | CAUDLE & SPEARS, P.A. |
| | |
| By: *J. Patrick Haywood* | By: *Christopher R. Raab* |
| J. Patrick Haywood | Christopher P. Raab |
| Rachel S. Decker | NC State Bar No. 37008 |
| 235 N. Edgewood Street | 121 West Trade Street, Sutie 32600 |
| Greensboro, North Carolina 27401 | Charlotte, NC 28202 |
| (336) 478-1177 | (704) 377-1200 |
| (336) 478-1194 – fax | (704) 338-5858 (fax) |
| jph@crlaw.com | craab@caudlespears.com |
| | |
| and | *Counsel for Defendants IGH Enterprises, Inc. t/a Mitchum Quality Snacks and John R. Wilson* |
| Louis W. Diess, *Pro Hac Vice* | |
| McCARRON & DIESS | |
| 4530 Wisconsin Ave., NW, Suite 301 | |
| Washington, D.C. 20016 | |
| (202) 364-0400 | |
| (202) 364-2731 fax | |
| ldiess@mccarronlaw.com | |

*Counsel for Plaintiffs*

IT IS SO ORDERED.

Signed: May 22, 2017

_____
Frank D. Whitney
Chief United States District Judge